RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 7/19/06

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| ANTHONY DIXON | Civil Action # 04-1819 |
| versus | JUDGE RICHARD T. HAIK |
| JEFFERSON PILOT LIFE INSURANCE CO. | MAGISTRATE JUDGE HILL |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM RULING ON SUMMARY JUDGMENT

Before the Court is Defendant Jefferson Pilot Life Insurance Company's (Jefferson Pilot) Motion for Summary Judgment [Doc. # 26], and Plaintiff Anthony Dixon's (Dixon) Opposition [Doc. # 34]. Also before the Court is Plaintiff's Motion for Summary Judgment [Doc. # 34], Defendant's Opposition [Doc. # 36], and Plaintiff's Reply [Doc. # 43]. Based on the substance of the Motions, the Court deems the Plaintiff and Defendant's Motions to be Cross-Motions for Summary Judgment. For the following reasons, Defendant's motion will be granted, and Plaintiff's motion will be denied, each party to bear their own costs.

## PLAINTIFF'S CONTENTIONS

Plaintiff contends that he must be able to find work that would provide him substantially the same earning capacity as he had before his injury. In the event that such was not available he should be deemed totally disabled under the plan. Plaintiff further contends that Jefferson Pilot failed to make payments in a timely manner and failed to honor certain checks.

## DEFENDANT'S CONTENTIONS

Defendants contend that the Plaintiff is not totally vocationally disabled. The Defendant paid Plaintiff long term disability benefits based on a stated yearly income of $28,600.00 ($2,383.33/month), for a monthly benefit amount of $1,430.00. However, subsequent information from Plaintiff's employer stated that Plaintiff's actual income was only $26,400.00 ($2,200.00/month) for a monthly benefit of $1320.00. Plaintiff is liable to Defendant for any overpayments made based on incorrect annual income. Defendant seeks attorneys fees for being forced to defend this action.

## LAW APPLICABLE TO SUMMARY JUDGMENT

Summary Judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." F.R.C.P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When all the evidence presented by both parties could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

## LAW PERTAINING TO THE CASE

On January 7, 2005, Plaintiff and Defendant jointly stipulated that the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq., (ERISA) preempts all state claims and governs the employee benefit plan at issue in this case. Under ERISA, a plan administrator must make two findings to determine whether an employee is entitled to benefits under a plan. *Schadler*

*v. Anthem Life Ins. Co.*, 147 F.3d 388, 394 (5th Cir. 1998). The plan administrator must first determine the facts underlying the claim for benefits. *Id. (citing Pierre v. Connecticut Gen. Life Ins. Co./Life Ins. Co. of N. Am.*, 932 F.2d 1552, 1557 (5th Cir. 1991)). The plan administrator must then "determine whether those facts constitute a claim to be honored under the terms of the plan." *Id.* If the plan administrator denies benefits to the participant, section 1132 of ERISA provides that the employee may bring suit in federal district court "to recover benefits due to him under the terms of the plan, to enforce his rights under the plan, or to clarify his rights to future benefits under the plan." *See* 29 U.S.C. § 1132(a)(1)(B).

On March 21, 2005, the Plaintiff and Defendant stipulated that Jefferson Pilot has full discretionary authority. Therefore, there is no question that Jefferson Pilot has the authority to "grant, deny or review denied claims," i.e. determine a participant's eligibility for benefits. *See Reich v. Lancaster*, 55 F.3d 1034, 1047 (5th Cir. 1995). Where a plan does vest the administrator with such discretionary authority, courts review the decision under the more deferental abuse of discretion standard. *Barhan v. Ry-Ron, Inc.*, 121 F.3d 198, 201 (5th Cir. 1997).

> [A]pplication of the abuse of discretion standard may involve a two-step process. The court must initially determine whether the administrator's interpretation of the plan is the legally correct interpretation.If the administrator's interpretation of the plan is

legally correct, then the inquiry ends because no abuse of discretion could have occurred. However, if the court determines that the administrator's interpretation is not legally correct, then it must further determine whether the administrator's decision was an abuse of discretion. *Spacek v. Maritime Ass'n,* 134 F.3d 283, 292-293 (5th Cir. 1998).

## UNCONTESTED FACTS

Plaintiff was employed as an Engineer by Dynamic Industries, Inc. Defendant issued a Group Policy to Dynamic Industries, Inc., providing group disability benefits to their employees. On September 2, 1998, Plaintiff was on board his employer's vessel in Cameron Parish, Louisiana. A fire broke out, and the Plaintiff suffered lung damage.

Plaintiff completed the employee portion of Defendant's Long Term Disability Group Claims form and forwarded it to his employer. The employer completed and forwarded the Long Term Disability Group Claims form to the Defendant on or about October 27, 1998. The Plaintiff's Treating Physician at the time was Dr. Lawrence Dultz, who stated on October 16, 1998 that the Plaintiff was totally disabled for an indefinite amount of time. (Dixon Administrative Record 003).

On August 28, 1999, Defendant agreed to pay Plaintiff's long term disability benefits. The terms of the plan state that the definition of total disability

changes 24 (twenty-four) months after the beginning of benefit payments. The first 24 months, the Plaintiff must be disabled from his own occupation. After the 24 month period, the Plaintiff must be totally disabled from performing any occupation in order to continue to receive benefits.

On November 16, 1998, Jefferson Pilot, as Plan Administrator, reviewed the administrative record and denied the Plaintiff's claim for short term disability benefits. The reason stated was that Plaintiff was injured occuring during the course of his occupation. The denial informed Plaintiff of his right to appeal the denial. The plaintiff did not appeal the denial of his short term disability benefits claim.

On May 31, 2001 Plaintiff's new Treating Physician, Dr. Judd Shellito, found that the Plaintiff could be released to full time work. Dr, Shellito imposed several conditions about what Plaintiff could perform physically and ordered that Plaintiff avoid fumes and dust. (Dixon Administrative Record 229).

On July 17, 2001, Defendant, as Plan Administrator reviewed the administrative record and denied Plaintiff's claim for continuing long term benefits. Plaintiff's first 24 months of receiving benefits ended on August 28, 2001. Plaintiff appealed the initial denial. On October 17, 2001, after reviewing the Administrative Record and new documents, the Defendant denied Plaintiff's appeal. The reason given was that the Plaintiff's own treating physician found

that he was not totally vocationally disabled and released him to full time work. On December 12, 2002, the plaintiff requested a second appeal of the decision. On April 7, 2003, Defendants upheld the initial denial and first appeal. The reason stated was that on October 18, 2002, Dr. Shellito had noted improvements in the Plaintiff's condition, that he could work for a full 8 (eight) hour day, and that the Plaintiff had reached maximum medical improvement. ( Dixon Administrative Record 333-335). There is no medical evidence in the administrative record that states that the Plaintiff cannot work. The second appeal denial advised Plaintiff that he had exhausted his appeals and could resort to litigation.

## LAW APPLICABLE TO THIS CASE

There is no issue of material fact in the case at issue. Jefferson Pilot's decision as Plan Administrator that Mr. Dixon was not totally disabled is supported by substantial evidence in the administrative record. There is no evidence of arbitrary or capricious action on the part of Jefferson Pilot. As Jefferson Pilot did not abuse its discretion, there is no basis for overturning Jefferson Pilot's decision.

## CONCLUSION

For the foregoing reasons, the Court finds that, based on the information

contained in the administrative record, Jefferson Pilot correctly found that Mr. Dixon was not totally vocationally disabled. Accordingly, Jefferson Pilot is entitled to Summary Judgment as a matter of law. Jefferson Pilot's Motion for Summary Judgment is hereby GRANTED, and Plaintiff's Motion for Summary Judgment is hereby DENIED. All parties shall pay their own Attorney fees, and neither shall receive reimbursement from the other party.

IT IS SO ORDERED, Lafayette, Louisiana, this 10th day of July, 2006.

Chief Judge Richard T. Haik, Sr.
United States District Court
Western District of Louisiana